# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY JAMES FLANNIGAN, JR.,

        Petitioner,               Case Number: 2:07-CV-15489

v.                                    HON. LAWRENCE P. ZATKOFF

R.V. VEACH ,

        Respondent.
                                      /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Gary James Flannigan, Jr. has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 convictions for bank robbery and felony firearm. For the reasons set forth below, the Court denies the petition.

### I. Facts

The Michigan Court of Appeals summarized the facts relevant to Petitioner's convictions in Livingston County Circuit Court as follows:

> On December 28, 2001, defendant walked in to a bank wearing layered clothing. He was wearing a down jacket, a cap pulled on his head, and perhaps a hooded jacket underneath the other jacket. Brenda Coleman, the bank teller on the day of the robbery testified that she got a good look at his face after she greeted him and they made eye contact. Defendant approached her station, looking around to see who else was in the bank. He had a gun in his right hand and handed her a note with his left hand. The note demanded ten thousand dollars in large bills. He got upset and said "I told you large bills" when she "was giving out twenty's and ten's [sic]." He took the money and his note and left. She notified her coworker and manager of the robbery. A customer at the bank saw defendant flee the scene in a silver or gray Tahoe or Yukon. Officer Scott Good testified that on the day of the robbery he heard over the radio that the possible suspect was driving a silver or gray Tahoe or Yukon with a bumper guard on the front. A vehicle matching that description drove by at a fairly high rate of speed with defendant driving. He followed in his unmarked

police car. Marked police cars joined and initiated a traffic stop by turning on their lights when they were stopped at a traffic light behind the driver. Defendant pulled his car over the curb to a parking lot and fled. Police pursued and caught defendant. Inside the car they found a robbery note that was printed off of a computer.

## II. Procedural History

Following a jury trial, Petitioner was convicted of bank robbery and felony firearm and sentenced to 19 to 30 years' imprisonment for the bank robbery conviction, to be served consecutively to two years' imprisonment for the felony-firearm conviction. Petitioner is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, serving a sentence for a separate bank robbery conviction. Upon completion of that sentence, Petitioner will be required to serve his Livingston County sentences.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims through counsel:

   I.  The trial court erred when it failed to compel the people to produce a witness listed on its witness list, or in the alternative, to adjourn the trial so that the defendant could compel the witness's attendance.

   II. The trial court erred in its method of jury selection which requires a reversal of defendant's conviction and sentence.

   III. Defendant's conviction for felony firearm should be vacated because there was insufficient evidence to support such a conviction.

Petitioner raised the following additional claims in a *pro per* supplemental brief:

   I.  Defense trial counsel was constitutionally ineffective in failing to object to evidence of appellant's prior criminal record, where appellant was on trial for similar and dissimilar charges and much of the appellant's prior criminal record was inadmissible under M.R.E. 609.

   II. The prosecutor erred irreversibly in injecting evidence that defendant had exercised his post-arrest and post-*Miranda* right to remain silent; to the extent that defense counsel failed to adequately object, defendant was denied the effective assistance of counsel.

    III.    Defendant is entitled to a new trial, where his trial counsel failed to object to the introduction of prior bad acts, and therefore the defendant received ineffective assistance of counsel, under the Michigan and United States Constitutions.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Flannigan, Jr.*, No. 252192 (Mich. Ct. App. May 5, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Flannigan, Jr.*, No. 128905 (Mich. Aug. 30, 2005).

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims:

    I.    Counsel was ineffective for failing to file a motion to suppress seized evidence that was not supported by a "valid" search warrant.

    II.    Counsel was ineffective for failing to challenge the jury composition in light of *Batson v. Kentucky*, 476 U.S. 79 (1986).

    III.    Counsel was ineffective for failing to call agent Rick Solomon at Petitioner's trial.

    IV.    Counsel was ineffective for not requesting a hearing in accordance with the United States Supreme Court holding in *United States v. Wade*, 388 U.S. 218 (1967).

The trial court denied the motion. *People v. Flannigan*, No. 02-13058-FH (Livingston County Cir. Ct. Dec. 28, 2006). Petitioner did not attempt to appeal the trial court's decision.

Petitioner then filed the pending petition for a writ of habeas corpus, raising twenty-seven claims of ineffective assistance of counsel. Respondent has filed an answer in opposition to the petition. Petitioner has filed a reply.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review

requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]." *Id.*

### IV.  Analysis

#### A.  Procedural Default

Respondent argues that all but three of Petitioner's twenty-seven claims are unexhausted and procedurally defaulted. Petitioner admits that he has only exhausted his state court remedies for three ineffective assistance of counsel claims, specifically his claims that counsel was ineffective in failing to object to: (1) the admission of his prior criminal history, (2) the admission of Petitioner's prior bad acts, and (3) the reference to Petitioner's post-arrest silence. Petitioner asks the Court to hold the petition in abeyance while he returns to state court to exhaust available remedies for the twenty-four unexhausted claims.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner's "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822

F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather*, 822 F.2d at 1420, n.3.

Petitioner failed to present his twenty-four unexhausted claims to the Michigan Court of Appeals and Michigan Supreme Court. Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims. However, no state court remedy is available to Petitioner because he already has filed one motion for relief from judgment in the state trial court and, pursuant to M.C.R. 6.502(G), he may not file a successive motion. Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). However, a petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Petitioner fails to assert cause for the procedural default. Thus, his claims are barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.*. at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show

that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> . . . .
>
> . . . [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, Petitioner's unexhausted claims are barred from consideration by procedural default.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate

specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner satisfies the prejudice prong by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome" of a trial. *Id.*

The Michigan Court of Appeals denied Petitioner's ineffective assistance of counsel claims, holding, in pertinent part:

> Defendant's claim of ineffective assistance of counsel must fail because he cannot demonstrate prejudice. Even if defendant's counsel objected to the evidence defendant now claims is improper, the outcome of trial would not have changed. The overwhelming weight of the evidence against defendant demonstrates that the jury had an independent basis for its verdict and did not find him guilty based upon a notion of his propensity to commit crime because of his criminal history and past bad acts or because of a guilty mind due to his initial post-arrest silence.
>
> The jury heard identification testimony from the teller, who observed defendant at close range and identified him in court as the armed robber. It viewed the security camera footage of the robbery, including stills from that video and another video depicting his car near the scene of the crime. A customer present at the bank also

> identified defendant in court as the robber. A different customer at a nearby body shop also identified defendant and his vehicle as present in the parking lot. Finally, police recovered the robber's coat in defendant's residence. In light of this evidence taken together, the jury rationally concluded independent of the allegedly improper evidence that defendant was guilty of the bank robbery for which he was charged.

*People v. Flannigan*, slip op. at 4.

The Court need not address the performance component of the ineffective assistance of counsel claim first. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). Instead, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . , that course should be followed." *Strickland*, 466 U.S. at 697. As the Michigan Court of Appeals did, the Court concludes that it is easier to dispose of Petitioner's ineffectiveness claims on the ground of the lack of sufficient prejudice and shall, therefore, address that prong.

The evidence relied upon by the Michigan Court of Appeals in finding that Petitioner was not prejudiced by the admission of Petitioner's criminal history, his past bad acts and his pre-arrest silence is persuasive. Two witnesses identified Petitioner as the robber. The video security camera allowed the jurors to view the robber. In addition, physical evidence linking Petitioner to the crime was recovered in Petitioner's home. Based upon the strength of this evidence, Petitioner has not shown a reasonable probability that, had the complained of testimony been excluded, the result of the trial would have been different. Therefore, the Court concludes that the state court of appeals' decision was not contrary to or an unreasonable application of Supreme Court precedent.

## V. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903

(6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## VI. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 10, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290