UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY JAMES FLANNIGAN, JR.,

        Petitioner,               Case Number: 2:07-CV-15489

v.                                    HON. LAWRENCE P. ZATKOFF

R.V. VEACH ,

        Respondent.
_____/

**OPINION AND ORDER**

On August 10, 2009, this Court issued an Opinion and Order denying Petitioner's *pro se* habeas corpus petition under 28 U.S.C. §2254. Petitioner timely filed a Motion for Reconsideration (Docket #11). In his Motion for Reconsideration, Petitioner's sole argument is that the Michigan Court of Appeals' determination of the facts related to Petitioner's arrest for a December 28, 2001, bank robbery, a determination adopted by this Court, was erroneous.

The factual determination made by the Michigan Court of Appeals and adopted by this Court reads as follows:

> On December 28, 2001, defendant walked in to a bank wearing layered clothing. He was wearing a down jacket, a cap pulled on his head, and perhaps a hooded jacket underneath the other jacket. Brenda Coleman, the bank teller on the day of the robbery testified that she got a good look at his face after she greeted him and they made eye contact. Defendant approached her station, looking around to see who else was in the bank. He had a gun in his right hand and handed her a note with his left hand. The note demanded ten thousand dollars in large bills. He got upset and said "I told you large bills" when she "was giving out twenty's and ten's [sic]." He took the money and his note and left. She notified her coworker and manager of the robbery. A customer at the bank saw defendant flee the scene in a silver or gray Tahoe or Yukon. Officer Scott Good testified that on the day of the robbery he heard over the radio that the possible suspect was driving a silver or gray Tahoe or Yukon

> with a bumper guard on the front. A vehicle matching that description drove by at a fairly high rate of speed with defendant driving. He followed in his unmarked police car. Marked police cars joined and initiated a traffic stop by turning on their lights when they were stopped at a traffic light behind the driver. Defendant pulled his car over the curb to a parking lot and fled. Police pursued and caught defendant. Inside the car they found a robbery note that was printed off of a computer.

The Court notes, as it did in issuing the August 10, 2009, Opinion and Order, that it must presume the correctness of state court factual determinations. 28 U.S.C. § 2254. Petitioner did not raise any objection to the Michigan Court of Appeals' factual determination when filing his petition in 2007 or in any filing he made prior to the issuance of the August 10, 2009, Opinion and Order. Accordingly, the Court did not investigate the accuracy of the Michigan Court of Appeals' factual determinations when deciding Petitioner's petition and rendering the August 10, 2009, Opinion and Order.

Petitioner now argues, accurately, that he was not arrested on December 28, 2001, for the bank robbery that occurred on that day. Petitioner submits a Waterford Police Narrative Report to support his argument that he was arrested on February 27, 2002, for a bank robbery that occurred on that date, approximately two months after the December 28, 2001, bank robbery described by the Michigan Court of Appeals (the bank robbery for which he was convicted in the underlying state court action). A review of the trial court transcripts also reveals that Petitioner was arrested not on December 28, 2001, but on February 27, 2002, consistent with the events described in the Waterford Police Narrative Report.

It appears to this Court that the Michigan Court of Appeals combined the events related to the bank robbery on the December 28, 2001, and the arrest of Petitioner on February 27, 2002, then presented them all as having occurred on December 28, 2001. The first several sentences related to the bank robbery on December 28, 2001 (specifically those involving Brenda Coleman) were

accurately set forth in the Michigan Court of Appeals opinion. The remaining facts recited by the Michigan Court of Appeals in its opinion (specifically those involving a bank customer,[1] Officer Scott Good and the police pursuit and arrest of Petitioner) appear to have occurred on February 27, 2002, and involved the circumstances leading up to, and including, Petitioner's arrest for a February 27, 2002, bank robbery (as evidenced by trial transcripts and the Narrative Report submitted in conjunction with the instant motion). In other words, the Michigan Court of Appeals recitation of the facts was misleading and inaccurate. Therefore, the Court agrees with that Petitioner's contention that this Court should not have adopted the Michigan Court of Appeals factual determination in denying his petition for a writ of habeas corpus in this case. The Court accordingly clarifies that Petitioner was not arrested for the December 28, 2001, bank robbery on December 28, 2001.

Notwithstanding the foregoing clarification, Petitioner was still arrested for committing the December 28, 2001, bank robbery; the arrest simply occurred at a later date. Petitioner also was charged with, and convicted of, committing the December 28, 2001, bank robbery. In his Motion for Reconsideration, Petitioner fails to argue how, and the Court finds no reason to conclude that, the erroneous recitation of facts in the Michigan Court of Appeals had any effect on the legal issues before the Michigan Court of Appeals on direct appeal or before this Court with respect to his habeas petition. Each of the issues raised by Petitioner (multiple claims of ineffective assistance of counsel) involves alleged errors that occurred during the trial, long before his appeal was considered by the Michigan Court of Appeals. The erroneous factual history recited by the Michigan Court of

---

[1]The Court notes that a customer at the bank robbed on December 28, 2001, did describe the vehicle the bank robber used that day as "either a Suburban or a Yukon, mid to late '90's, light tan with dark windows."

Appeals is wholly irrelevant to the issues raised by Petitioner and had no bearing on the merits of Petitioner's habeas petition. Accordingly, the Court finds that Petitioner's Motion for Reconsideration fails to demonstrate why the Court's denial of his habeas corpus petition, as set forth in the August 10, 2009, Opinion and Order, should be reversed.

For the reasons stated above, Petitioner's Motion for Reconsideration (Docket #11) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 20, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290